## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| EILEEN BRADY and KEVIN BRADY (wife and husband) 541 Clints Lane Bloomsburg, PA 17815, Plaintiffs | : : : : : : | CASE No. 4:26-CV-261 |
| v. | : : | JURY TRIAL DEMANDED |
| KIK CONSUMER PRODUCTS, INC. 1725 North Brown Road Lawrenceville, GA 30043 | : : : : : | |
| and | : : | |
| HOMECARE LABS, INC. 1725 North Brown Road Lawrenceville, GA 30043 | : : : : : | |
| and | : : | |
| THE HOME DEPOT, INC. 2455 Paces Ferry Road Atlanta, GA 30339 | : : : : : : | Plaintiffs do not claim right of relief in the form of any punitive or exemplary damages, or statutory or civil penalties. |
| Defendants | : : | |

## COMPLAINT – CIVIL ACTION

1.     Plaintiff Eileen Brady (hereinafter referred to as "Plaintiff") and Kevin Brady (hereinafter referred to as "Plaintiff-Husband"), wife and husband, are adult individuals and residents of the Commonwealth of Pennsylvania, residing therein at 541 Clints Lane, Bloomsburg, Pennsylvania 17815.

1

2.      Defendant **Kik Consumer Products, Inc.**  (hereinafter referred to as "Kik") is a business corporation organized and existing according to the laws of a state other than the Commonwealth of Pennsylvania, with its principal place of business located at 1725 North Brown Road, Lawrenceville, Georgia 30043.

3.      At all times relevant and material hereto, Defendant Kik was acting by and through its agents, employees, and/or representatives, who themselves were acting within the course and scope of their employment, service, and/or agency.

4.      Defendant **Homecare Labs, Inc.** (hereinafter referred to as "Homecare Labs") is a business corporation organized and existing according to the laws of Delaware, with its principal place of business located at 1725 North Brown Road, Lawrenceville, Georgia 30043.

5.      Defendant Homecare Labs is registered to do business in Pennsylvania.

6.      Upon information and belief, Defendant Homecare Labs is a subdivision and/or subsidiary of Defendant Kik.

7.      At all times relevant and material hereto, Defendant Homecare Labs was acting by and through its agents, employees, and/or representatives, who themselves were acting within the course and scope of their employment, service, and/or agency.

2

8.      Defendant **The Home Depot, Inc.** (hereinafter referred to as "Home Depot") is a business corporation organized and existing according to the laws of Delaware, with its principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

9.      Defendant Home Depot is registered to do business in Pennsylvania with a registered office address at C/O CT Corporation System (Term), 1635 Market Street, Philadelphia, PA 19103.

10.     At all times relevant and material hereto, Defendant Home Depot was acting by and through its agents, employees, and/or representatives, who themselves were acting within the course and scope of their employment, service, and/or agency.

11.     Defendant Kik conducts substantial, regular, and continuous business in the Commonwealth of Pennsylvania.

12.     Defendant Homecare Labs conducts substantial, regular, and continuous business in the Commonwealth of Pennsylvania.

13.     Defendant Home Depot conducts substantial, regular, and continuous business in the Commonwealth of Pennsylvania.

14.     At all times relevant and material hereto, Defendant Kik was in the business of producing, manufacturing, marketing, distributing, selling, and/or

otherwise supplying various consumer household cleaning products such as multi-surface cleaners, bleach products, and degreasers.

15. At all times relevant hereto, Defendants Kik's was in the business of manufacturing, producing, packaging, marketing, and distributing consumer household cleaning products under various brand names including Comet, Old Dutch, The Works, Spic and Span, Chore Boy, and Greased Lightning.

16. At all times relevant thereto, Defendant Homecare Labs was in the business of producing, manufacturing, marketing, distributing, packaging, selling, and/or otherwise supplying consumer household cleaning products, including cleaning products marketed and sold under its registered "Greased Lightning" trade name.

17. At all times relevant and material hereto, Defendant Home Depot's business included selling, advertising, marketing, distributing, packaging, and/or otherwise supplying consumer household products, including "Greased Lighting" brand cleaning products manufactured and distributed by Defendants Kik and Homecare Labs.

18. At all times relevant and material hereto, Defendant Kik had extensive, continuous, regular, and systematic business contacts with the Commonwealth of Pennsylvania, by regularly advertising, marketing, distributing, and selling its products to Pennsylvania residents at brick-and-mortar retail stores

4

located throughout the Commonwealth as well as through online retail sales platforms.

19.    At all times relevant and material hereto, Defendant Homecare Labs had extensive, continuous, regular, and systematic business contacts with the Commonwealth of Pennsylvania, by regularly advertising, marketing, distributing, and selling its products to Pennsylvania residents at brick-and-mortar retail stores located in the Commonwealth of Pennsylvania as well as through online retail sales platforms.

20.    At all times relevant and material hereto, Defendants Kik and Homecare Labs regularly sold consumer cleaning products, including but not limited to their "Greased Lightning" brand cleaner and degreaser, at brick-and-mortar retail stores located throughout the Commonwealth of Pennsylvania, including those stores owned and operated by Defendant Home Depot, as well as Walmart, Ace Hardware, and Target stores.

21.    Defendant Home Depot owns and operates over seventy-one (71) stores in the Commonwealth of Pennsylvania, including the retail store located at 9 Gus Avenue, Bloomsburg, Pennsylvania 17815, internally identified by Defendant Home Depot as Store #4171 (hereinafter, "Home Depot Store #4171").

22.    This Court has subject matter jurisdiction over the instant cause of action pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists

between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

23.     Venue is proper as to this District Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this cause of action occurred in this judicial district, including Plaintiff's injuries of April 23, 2024, which took place at her home located at 541 Clints Lane, Bloomsburg, Pennsylvania 17815.

24.     Venue is proper as to this District Court under 28 U.S.C. § 1391(b), as Defendants have engaged in substantial business activities within this judicial district of Pennsylvania, have engaged in acts or omissions causing injuries to persons in this judicial district, including Plaintiff, and have sold products which they knew would be used by consumers in this judicial district.

25.     Prior to April 23, 2024, Defendants Kik and Homecare Labs developed, designed, formulated, manufactured, packaged, distributed, and sold to Defendant Home Depot a 128 fluid ounce container of Greased Lightning Super Strength "Classic" Cleaner & Degreaser (Universal Product Code: 0-8123819854-7; Product/Model Code: R1110 50108GRL) (hereinafter referred to as "subject Greased Lightning cleaner") with the expectation that it would be purchased by consumers for personal use.

26.     On or about April 22, 2024, Plaintiff purchased the subject Greased

Lightning cleaner from Home Depot Store #4171, intending to use the product to clean patio furniture at her home.

27.    As designed, packaged, marketed, and described by Defendants Kik, Homecare Labs, and Home Depot, the subject Greased Lightning cleaner is a liquid cleaning and degreasing solution intended for use by consumers to clean and remove grease, grime, soap scum, mildew stains, and mud from a variety of indoor and outdoor household items, including floors, laundry, bathtubs, kitchen appliances, sinks, showers, patio furniture, and outdoor play equipment.

28.    On April 23, 2024, Plaintiff applied the subject Greased Lightning cleaner to a rag to begin cleaning her patio furniture at her home and felt an immediate burning sensation to her hands.

29.    Plaintiff immediately began rinsing her hands repeatedly with cool water before seeking emergency medical treatment.

30.    On April 23, 2024, as a direct result of the defective design and unsafe condition of the subject Greased Lightning cleaner designed, manufactured, and sold by Defendants Homecare Labs, Kik, and Home Depot, Plaintiff was caused to suffer severe and painful second-degree chemical burns and develop other permanent and disabling injuries to her hands as more fully described below.

31.    As a direct, factual, and proximate result of the defective design and unreasonably dangerous condition of the subject Greased Lightning cleaner, and

7

the negligence, carelessness, and wrongdoing of Defendants Kik, Homecare Labs and Home Depot, as further described herein, Plaintiff was caused to suffer the following severe, painful, permanent, and disabling injuries and damages:

a. Physical injuries, including but not limited to second degree partial-thickness chemical burn injuries to digits 1-5 of both hands, corrosion, parasthesias, toxic neuropathy, and defatting of the pads of multiple digits of both hands, hypersensitivity and impaired motor function of both hands, and other injuries to her hands and related symptoms and sequelae thereof;

b. Hospital, medical, and rehabilitative expenses, past and future;

c. Conscious physical pain and suffering, past, present, and future;

d. Disfigurement, scarring, embarrassment, and humiliation, past and future;

e. Emotional suffering and mental anguish, past, present, and future;

f. Loss of quality of life past, present, and future;

g. Loss of enjoyment of life's pleasures past, present, and future.

32. At all times relevant and material hereto, Plaintiff was acting with due care for her personal safety and wellbeing and using the subject Greased Lightning cleaner in a reasonable manner and for the purpose for which the subject product was designed, manufactured, and sold.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. DEFENDANTS KIK CONSUMER PRODUCTS, INC. and HOMECARE LABS, INC.

33. Plaintiff repeats and incorporates by reference all preceding

8

paragraphs with the same force and effect as if set forth herein at length.

34.    Prior to April 23, 2024, Defendants Kik and Homecare Labs designed, developed, manufactured, produced, packaged, distributed, supplied, and/or sold the subject Greased Lightning cleaner, causing it to be placed into the stream of commerce to be purchased by consumers for personal use.

35.    At all times relevant and material hereto, Defendants Kik and Homecare Labs, having undertaken to design, develop, manufacture, formulate, produce, package, advertise, market, distribute, and sell the subject Greased Lightning cleaner to consumers, had a duty to exercise reasonable care to ensure the subject Greased Lightning cleaner would be reasonably safe for its intended uses and reasonably foreseeable uses, including misuses.

36.    Defendants Kik and Homecare Labs had a duty to exercise reasonable care in the design, development, packaging, manufacturing, inspection, testing, and quality control of the subject Greased Lightning cleaner so as to eliminate or reduce, to the greatest extent possible, the risk of serious bodily injury to consumers and end users as a result of ordinary, intended, and foreseeable use of the product.

37.    In developing, designing, manufacturing, selling, and supplying the subject Greased Lightning cleaner to consumers, Defendants Kik and Homecare Labs knew that they should never needlessly endanger consumers and end users of

9

the subject Greased Lightning cleaner.

38.    In designing, manufacturing, selling, and supplying the subject Greased Lightning cleaner, Defendants Kik and Homecare Labs had a duty to ultimate users of the subject Greased Lightning cleaner to eliminate or reduce risks of injury associated with the subject product to the greatest extent possible.

39.    In developing, formulating, manufacturing, and producing the subject Greased Lightning cleaner, Defendants Kik and Homecare Labs knew, understood, and appreciated that the product's formula and ingredients were capable of causing corrosion, defatting, and chemical burn injuries to a user's skin with minimal exposure.

40.    At the time the subject Greased Lightning cleaner was designed, manufactured, distributed, and sold, Defendants Kik and Homecare Labs knew or should have known of the well-documented risk of serious dermatological exposure hazards associated with the subject Greased Lightning cleaner's formula and ingredients, including skin corrosion, defatting, chemical burns, and nerve damage.

41.    In designing, formulating, manufacturing, testing, packaging, marketing, and selling the subject Greased Lightning cleaner, Defendants Kik and Homecare Labs knew or should have known that limited exposure to the subject Greased Lightning cleaner posed an unreasonable risk of serious, painful, and

irreversible injuries to end users and consumers such as Plaintiff.

42. In designing, formulating, manufacturing, testing, packaging, marketing, and selling the subject Greased Lightning cleaner, Defendants Kik and Homecare Labs knew, recognized, and understood that it would be necessary to supply the subject Greased Lightning cleaner with all necessary warnings, product safety information, and/or instructions to prevent or reduce, to the greatest extent possible, the risk of serious bodily injuries to consumers and end users such as Plaintiff.

43. In designing, formulating, manufacturing, testing, packaging, marketing, and selling the subject Greased Lightning cleaner, Defendants Kik and Homecare Labs knew or should have known of the serious injuries that could result from normal and customary use of the subject Greased Lightning cleaner, and knew or should have known the subject Greased Lightning cleaner's formula and ingredients posed an unreasonable risk of bodily harm in the event the product came into contact with a user's skin for any amount of time.

44. In designing, manufacturing, selling, and otherwise supplying the subject Greased Lightning cleaner, Defendants Kik and Homecare Labs knew or should have known that the subject Greased Lightning cleaner posed an unreasonable risk of severe bodily injury to individuals, such as Plaintiff, whom Defendants reasonably should have expected would be subjected to risk of injury

11

by the foreseeable and intended use of the product.

45.    Defendants Kik and Homecare Labs had no reason to believe or expect that ultimate users of the subject Greased Lightning cleaner, such as Plaintiff, would recognize the unreasonably dangerous condition of the subject Greased Lightning cleaner as supplied by Defendants Kik and Homecare Labs.

46.    As sold and supplied by Defendant Kik and Homecare Labs, the subject Greased Lightning product was unreasonably dangerous and lacked warnings and instructions, and/or adequate warnings and instructions to apprise end users such as Plaintiff of the likelihood of painful, permanent, and disabling injuries that would result from short duration, casual and incidental skin exposure in the product's ordinary, foreseeable, and customary use, and/or the necessary measures to avoid such injuries.

47.    The aforementioned injuries and damages suffered by Plaintiff, as set forth more fully above, were directly and factually caused by Defendants Kik and Homecare Labs' negligence, carelessness, wrongdoing, and disregard for the safety of others, including the following conduct, acts, and/or omissions:

     a. Failure to exercise reasonable care in designing, developing, formulating, producing, manufacturing, testing, inspecting, packaging, marketing, distributing, selling, and/or otherwise supplying the subject Greased Lightning cleaner;

     b. Supplying the subject Greased Lightning cleaner in a defective and/or unreasonably dangerous condition, due to the hazard(s) created by the subject Greased Lightning cleaner's formula and

ingredients and consequent risk of serious bodily injury to end users, including Plaintiff;

c.  Developing, formulating, manufacturing, packaging, producing, distributing, selling, and/or otherwise supplying the subject Greased Lightning cleaner in a defective and/or unreasonably dangerous condition;

d.  Failure to exercise reasonable care in testing and inspecting the subject Greased Lightning cleaner and/or formula for safety and consistency with internal product quality and safety standards prior to releasing the subject Greased Lightning cleaner to be sold to consumers;

e.  Failure to incorporate adequate warnings and/or instructions on the packaging of the subject Greased Lightning cleaner, to prevent or reduce, to the greatest extent possible, the likelihood of a user suffering chemical burns and other painful and permanent injuries as a result of casual, incidental, and/or limited duration exposure to the product;

f.  Failure to exercise reasonable care in the selection of ingredients, formulation, and manufacturing of the subject Greased Lightning cleaner;

g.  Manufacturing, distributing, packaging, producing, and otherwise supplying the subject Greased Lightning cleaner which failed to comply with the provisions of 15 U.S.C. § 1261 applicable to hazardous substances in consumer cleaning products requiring the product label to contain all warnings and information necessary to prevent a health hazard that may be associated with the use of the product;

h.  Supplying the subject Greased Lightning cleaner in an unreasonably dangerous condition beyond reasonable consumers' expectations;

i.  Failure to exercise reasonable care in the development, manufacturing, distribution, testing, and inspection of the subject

13

Greased Lightning cleaner to ensure that it would perform in a safe and expected manner when used in a foreseeable, ordinary, customary, and/or intended manner;

j.  Supplying the subject Greased Lightning cleaner without adequate warnings, product safety information, or instructions which would clearly and specifically alert the user that the product would cause chemical burns to skin and to strictly avoid allowing the product to contact skin for any amount of time;

k.  Supplying the subject Greased Lightning cleaner without adequate warnings and/or instructions to protect users from serious bodily injury caused by known hazards associated with the formula, ingredients, and intended and/or reasonably foreseeable use of the subject Greased Lightning cleaner;

l.  Failure to properly and adequately evaluate and/or identify the hazards and risks of injury associated with the foreseeable, intended, ordinary, and customary use of the subject Greased Lightning cleaner prior to releasing it for sale to consumers;

m.  Manufacturing, distributing, packaging, marketing, selling, and/or otherwise supplying a consumer cleaning product that was unreasonably dangerous and unsafe for its foreseeable and intended use(s) and users;

n.  Failure to properly and effectively manage, oversee, and/or inspect the supply chain for the subject Greased Lightning cleaner to protect consumers from bodily injuries caused by deviations in the potency or strength of the product formula which Defendants knew could seriously endanger the health and safety of end users of the product;

o.  Failing to adequately warn and communicate to end users, including Plaintiff, of the subject Greased Lightning product's propensity to cause severe, painful, and permanent injuries in the event the product was allowed to contact a user's skin for any amount of time;

14

p. Failure to exercise reasonable care to ensure that the subject Greased Lightning cleaner conformed with Defendants' own internal quality standards and intended formula.

48. As a direct, factual, and proximate result of the aforementioned carelessness and negligence of Defendants Kik and Homecare Labs, Plaintiff was caused to suffer the severe and painful injuries and damages described at further length herein.

49. In the alternative, the negligence, carelessness, and wrongdoing of Defendants Kik and Homecare Labs, as set forth above, substantially increased the risk that Plaintiff would be caused to suffer the injuries and damages she did in fact suffer, as set forth above in detail.

**WHEREFORE**, Plaintiff demands judgement in her favor and against Defendants Kik and Homecare Labs, for an amount in damages exceeding the Arbitration limits of this Court, plus interest and costs, and for all damages available under Pennsylvania law.

## COUNT II – STRICT LIABILITY
## PLAINTIFF v. DEFENDANTS KIK CONSUMER PRODUCTS, INC. and HOMECARE LABS, INC.

50. Plaintiff repeats and incorporates by reference all preceding paragraphs with the same force and effect as if set forth at length herein.

51. Prior to April 23, 2024, Defendants Kik and Homecare Labs designed,

15

manufactured, produced, distributed, packaged, sold, and/or otherwise supplied the subject Greased Lightning cleaner, causing it to be placed into the stream of commerce to be purchased by consumers such as Plaintiff for personal use.

52. At all times relevant and material hereto, Defendants Kik and Homecare Labs were regularly engaged in the business of designing, producing, manufacturing, distributing, selling, packaging, and supplying consumer cleaning products, including the subject Greased Lightning cleaner.

53. Defendants Kik and Homecare Labs were and are suppliers of the subject Greased Lightning cleaner within the meaning of Section 402A of the Restatement (Second) of Torts and Pennsylvania product liability law.

54. As the entities responsible for manufacturing, producing, distributing, selling, and/or supplying the subject Greased Lightning, Defendants Kik and Homecare Labs are each strictly liable to Plaintiff for all injuries and damages caused by the defective design and formulation and unreasonably dangerous condition of the product under Pennsylvania product liability law.

55. The subject Greased Lightning cleaner was in the same or substantially same condition at the time of Plaintiff's injuries of April 23, 2024 as it was when it left the custody and control of Defendants Kik and Homecare Labs.

56. As designed, manufactured, sold, and supplied by Defendants Kik and Homecare Labs, the subject Greased Lightning cleaner was defective, unsafe, and

unreasonably dangerous.

57.   As designed, manufactured, packaged, distributed, and sold by Defendants Kik and Homecare Labs, the subject Greased Lightning cleaner was defective and unsafe for its intended and reasonably foreseeable uses in that it subjected Plaintiff to serious chemical burns and permanent, disabling injuries upon limited, normal, and customary use.

58.   As designed, manufactured, sold, and/or supplied by Defendants Kik and Homecare Labs, the subject Greased Lightning cleaner was defective and unreasonably dangerous relative to reasonable consumer expectations.

59.   As designed, manufactured, sold, and/or supplied by Defendants Kik and Homecare Labs, the subject Greased Lightning cleaner was defective and unreasonably dangerous relative to reasonable consumer expectations in that the dangers of the subject Greased Lightning cleaner were unknowable and unacceptable to ordinary consumers.

60.   As designed, manufactured, sold, and/or supplied by Defendants Kik and Homecare Labs, the subject Greased Lightning cleaner was defective and unreasonably dangerous relative to reasonable consumer expectations in that the danger that the subject Greased Lightning cleaner would cause chemical burn injuries and corrosion to a user's skin with irreversible and permanent, debilitating consequences after extremely minimal exposure was both unknowable and

17

unreasonable to ordinary consumers.

61.    As designed, manufactured, sold, and/or supplied by Defendants Kik and Homecare Labs, the subject Greased Lightning cleaner was defective, unsafe, and unreasonably dangerous in that a reasonable consumer would conclude that the probability and seriousness of the harm posed by the subject Greased Lightning cleaner's formula and design outweighed the burden of providing available precautions which would have eliminated said dangers of the product.

62.    As designed, manufactured, sold, and/or supplied by Defendants Kik and Homecare Labs, the subject Greased Lightning cleaner was defective and unreasonably dangerous in that there existed technologically feasible, safe alternative designs which would have eliminated or greatly reduced the risk of grave bodily injury without compromising the product's function or utility.

63.    As manufactured, sold, and/or supplied by Defendants Kik and Homecare Labs, the subject Greased Lightning cleaner was defective, unreasonably dangerous, and unsafe to ultimate users because it lacked adequate warnings and/or instructions necessary to prevent or reduce the risk of serious bodily harm to consumers.

64.    Defendants Kik and Homecare Labs are strictly liable to Plaintiff under Pennsylvania law because the grave and foreseeable risks of serious bodily injury posed by the subject Greased Lightning cleaner could have been reduced

and/or eliminated by the provision of adequate warnings and/or instructions, the omission of which also rendered the subject Greased Lightning cleaner defective and unreasonably dangerous.

65.    As designed, manufactured, sold, and supplied to Plaintiff, the subject Greased Lightning product lacked adequate warnings and instructions to alert Plaintiff of the likelihood of serious chemical burn injuries, skin corrosion, defatting, nerve damage, and related skin injuries suffered by Plaintiff and to strictly avoid allowing the product to contact the skin for any duration of time.

66.    The defective design and unreasonably dangerous condition of the subject Greased Lightning cleaner was a direct and factual cause of Plaintiff's injuries and damages set forth in further detail above.

67.    Alternatively, the defective design and unreasonably dangerous condition of the subject Greased Lightning cleaner, as manufactured and supplied by Defendants Kik and Homecare Labs, substantially increased the risk that Plaintiff would suffer the injuries and damages she did in fact suffer.

68.    Additionally, and/or in the alternative, the subject Greased Lightning cleaner was defective in that it failed to perform in a safe and expected manner with normal and anticipated use and/or failed to conform with other products of the same model and kind manufactured and sold by Defendants Kik and Homecare Labs, and caused Plaintiff's injuries and damages of April 23, 2024 as described in

19

further detail above.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants Kik and Homecare Labs, for an amount in damages in excess of the Arbitration Limits of this Court, plus interest and costs, and for all damages available under Pennsylvania law.

**COUNT III – NEGLIGENCE**
**PLAINTIFF v. DEFENDANT THE HOME DEPOT, INC.**

69.    Plaintiff repeats and incorporates by reference all preceding paragraphs with the same force and effect as if set forth at herein at length.

70.    On or about April 22, 2024, Defendant Home Depot sold the subject Greased Lightning cleaner to Plaintiff.

71.    At all times relevant hereto, Defendant Home Depot's regular business involved selling, marketing, advertising, distributing, and supplying consumer household cleaning products, including the subject Greased Lightning cleaner manufactured and distributed by Defendants Kik and Homecare Labs.

72.    At all times relevant hereto, Defendant Home Depot, having undertaken to distribute, market, supply, and sell the subject Greased Lightning cleaner to consumers such as Plaintiff, had a duty to exercise ordinary and reasonable care in sourcing, inspecting, testing, supplying, marketing, distributing, and selling the subject Greased Lightning cleaner such that it would be reasonably

20

safe for use by consumers.

73.    Prior to selling and supplying the subject Greased Lightning cleaner to Plaintiff, Defendant Home Depot knew that it should never needlessly endanger consumers and/or ultimate users of any product it sells, including the subject Greased Lightning cleaner.

74.    In selling, marketing, and supplying the subject Greased Lightning cleaner, Defendant Home Depot had a duty to ultimate users of the subject Greased Lightning cleaner to ensure that the product was safe for its intended and foreseeable use(s) as a consumer household cleaner.

75.    Prior to the sale of the subject Greased Lightning cleaner, Defendant Home Depot knew or reasonably should have known that the subject Greased Lightning cleaner's design, ingredients, composition, and/or formula posed an unreasonable risk of serious bodily injury to consumers and/or users such as Plaintiff, whom Defendant Home Depot reasonably should have expected would be subjected to such injuries by foreseeable, intended, ordinary, and customary use of the subject Greased Lightning cleaner.

76.    Prior to selling and supplying the subject Greased Lightning cleaner to Plaintiff, Defendant Home Depot knew, understood, and appreciated that the product's design, formula, composition, and ingredients were capable of causing serious, painful, and permanent injuries to a user's skin, including corrosion of the

skin, nerve damage, and chemical burns in the event that the product came in contact with the user's skin for any amount of time.

77.    Prior to selling and supplying the subject Greased Lightning cleaner, Defendant Home Depot knew or should have known that Plaintiff and consumers like her, for whose use the subject Greased Lightning cleaner was placed into the stream of commerce, would be subject to an unreasonable risk of serious bodily injury, based upon the subject Greased Lightning cleaner's formula and/or ingredients which were capable of causing permanent, painful, and disabling injuries to end users following even minimal skin exposure.

78.    Defendant Home Depot had a duty to sell and supply the subject Greased Lightning cleaner with all warnings, product safety information, and/or instructions necessary to prevent or reduce, to the greatest extent possible, the risk of serious bodily injuries to users of the product.

79.    Prior to selling and supplying the subject Greased Lightning cleaner to Plaintiff, Defendant Home Depot knew or had reason to know that there existed an unreasonable risk of serious bodily injury to consumers and users such as Plaintiff in the event that the subject Greased Lightning cleaner was supplied without proper and adequate safety information, warnings, and/or instructions to advise end users of the product's hazards, and the necessary measures to avoid permanent, painful, serious, and disabling injuries which could result from the product's

foreseeable and customary use.

80. Defendant Home Depot had no reason to believe or expect that ultimate users of the subject Greased Lightning cleaner, such as Plaintiff, would recognize and appreciate the unreasonably dangerous condition of the subject Greased Lightning cleaner.

81. Notwithstanding same, Defendant Home Depot supplied the subject Greased Lightning cleaner in a defective and unreasonably dangerous condition that resulted in Plaintiff's severe and painful injuries when she attempted to use the product in a foreseeable and intended manner to clean her patio furniture.

82. As sold and supplied by Defendant Home Depot, the subject Greased Lightning product was unreasonably dangerous and lacked warnings and instructions, and/or adequate warnings and instructions to apprise end users such as Plaintiff of the risk of painful chemical burns and permanent and disabling injuries that would result from short duration, casual, and/or incidental exposure to the product in its ordinary, foreseeable, and customary use.

83. The aforementioned injuries and damages suffered by Plaintiff, as set forth in detail above, were directly and factually caused by Defendant Home Depot's negligence, carelessness, wrongdoing, and disregard for the safety of others, including the following conduct, acts, and/or omissions:

   a. Failure to exercise reasonable care in marketing, promoting, distributing, selling, and/or otherwise supplying the subject

Greased Lightning cleaner so as to ensure it would be safe for consumer use as a home cleaning product;

b. Selling and/or supplying the subject Greased Lightning cleaner in a defective and/or unreasonably dangerous condition;

c. Failure to properly and adequately store, display, and maintain the subject Greased Lightning cleaner to ensure it was safe for use by consumers such as Plaintiff;

d. Distributing, selling, and/or supplying the subject Greased Lightning cleaner in an unsafe condition and without proper and adequate safety features, warnings, and/or instructions to prevent or reduce the likelihood of serious bodily injury to consumers and end users such as Plaintiff, created by the product's known hazards and intended/foreseeable uses;

e. Failure to exercise reasonable care to test and inspect the subject Greased Lightning cleaner to ensure the product was reasonably safe for its customary and foreseeable uses as a consumer household cleaning product prior to allowing the product to be sold to Plaintiff;

f. Failure to warn consumers and end users, including Plaintiff, of the known risks of permanent and disabling bodily injuries posed by the subject Greased Lightning cleaner's ordinary, customary, and foreseeable use;

g. Failure to exercise reasonable care in stocking, storing, displaying, marketing, distributing, selling, and/or otherwise supplying the subject Greased Lightning cleaner so as to ensure it was in a safe condition for use by consumers such as Plaintiff;

h. Selling and/or otherwise supplying the subject Greased Lightning cleaner in an unreasonably dangerous condition such that it posed a risk of serious bodily injury outside of reasonable consumer expectations when used in a foreseeable and intended manner as a home cleaning product;

i. Failure to warn Plaintiff of the well-documented risks of painful

24

chemical burns, corrosion, nerve damage, and other skin exposure injuries that would result from minimal skin exposure to the subject Greased Lightning cleaner, and to strictly avoid exposing the product to skin for any duration of time;

j.  Supplying the subject Greased Lightning cleaner without explicit warnings or safety information to apprise Plaintiff that any limited duration skin exposure to the product would result in chemical burns, corrosion, and other permanent and disabling injuries;

k.  Supplying the subject Greased Lightning cleaner without explicit instructions of the need to strictly avoid allowing the product to contact a user's skin under any circumstances;

l.  Failure to supply the subject Greased Lightning cleaner with adequate warnings and/or safety instructions with respect to the known potential for chemical burn injuries and corrosion of the skin that would result from ordinary and customary use of the product;

m.  Failure to sell and/or supply the subject Greased Lightning cleaner with proper and adequate warning and/or safety instructions;

n.  Selling and/or supplying the subject Greased Lightning cleaner that did not comply with 15 U.S.C. § 1261 applicable to hazardous substances in consumer cleaning products requiring the product label to contain warnings and information necessary to prevent a health hazard that may be associated with the product;

o.  Failure to properly and adequately evaluate and identify the hazards and risks of injury associated with the foreseeable and intended use of the subject Greased Lightning cleaner prior to its sale to Plaintiff;

p.  Distributing, marketing, selling, and/or otherwise supplying the subject Greased Lightning cleaner to Plaintiff in a defective and/or unreasonably dangerous condition due to the known hazards associated with the subject Greased Lightning cleaner's formula and/or ingredients and the product's intended and foreseeable use;

25

q.  Distributing, marketing, selling, and/or otherwise supplying the subject Greased Lightning cleaner to Plaintiff in a defective and/or unreasonably dangerous condition in that the subject Greased Lightning was not safe for its foreseeable, intended, and ordinary/customary use(s) as a home cleaning product;

r.  Failure to ensure that the subject Greased Lightning cleaner was safe for consumer use and complied with applicable industry safety requirements for consumer cleaning products prior to selling the subject Greased Lightning cleaner to Plaintiff;

s.  Failure to exercise reasonable care in testing, inspecting, and/or otherwise ensuring that the subject Greased Lightning cleaner was safe for its intended, foreseeable, and/or ordinary use(s);

t.  Failure to develop, maintain, follow, and or enforce adequate and proper procedures for testing, inspecting, and/or otherwise ensuring that the subject Greased Lightning cleaner conformed with applicable product safety and labeling requirements prior to allowing it to be sold to Plaintiff;

u.  Failure to exercise reasonable care to ensure that the subject Greased Lightning cleaner conformed with Defendant Home Depot's internal quality and product safety standards;

v.  Failure to properly and effectively establish, oversee, implement, and ensure quality control and product safety measures to protect consumers from bodily injuries caused by deviations in the potency or strength of the subject Greased Lightning cleaner formula which Defendant Home Depot knew could seriously endanger the health and safety of end users of the product, including Plaintiff;

84.  The aforementioned carelessness and negligence of Defendant Home Depot directly and factually caused Plaintiff to suffer the severe and painful injuries and incur damages, as further described herein.

85.  In the alternative, the negligence, carelessness, and wrongdoing of

26

Defendant Home Depot, as set forth above, substantially increased the risk that Plaintiff would be caused to suffer the injuries and damages she did in fact suffer, as herein further described in detail.

**WHEREFORE**, Plaintiff demands judgment be entered in her favor and against Defendant The Home Depot, Inc., for an amount in damages exceeding the Arbitration Limits of this Court, plus interest and costs, and for all damages available under Pennsylvania law.

## COUNT IV – STRICT LIABILITY
## PLAINTIFF v. DEFENDANT THE HOME DEPOT, INC.

86.    Plaintiff repeats and incorporates by reference all preceding paragraphs with the same force and effect as if set forth at length herein.

87.    On or about April 22, 2024, Defendant Home Depot sold the subject Greased Lightning cleaner to Plaintiff.

88.    At all times relevant and material hereto, Defendant Home Depot was regularly engaged in the business of selling and supplying consumer cleaning products, including the subject Greased Lightning cleaner manufacture, distributed, and produced by Defendants Kik and Homecare Labs.

89.    Defendant Home Depot was and is a supplier of the subject Greased Lightning cleaner within the meaning of Section 402A of the Restatement (Second) of Torts and Pennsylvania product liability law.

27

90. As the entity responsible for supplying and selling the subject Greased Lightning cleaner which caused Plaintiff's injuries and damages, Defendant Home Depot is strictly liable to Plaintiff for her injuries and damages caused by the defective design and formulation and unreasonably dangerous condition of the product pursuant to Pennsylvania product liability law.

91. The subject Greased Lightning cleaner was in the same or substantially same condition at the time of Plaintiff's injuries of April 23, 2024 as it was when it left the custody and control of Defendant Home Depot.

92. As sold and supplied by Defendant Home Depot, the subject Greased Lightning cleaner was defective, unsafe, and unreasonably dangerous relative to reasonable consumer expectations in that it caused Plaintiff to suffer serious and painful chemical burn injuries following limited, ordinary, and foreseeable use.

93. As sold and supplied by Defendant Home Depot, the subject Greased Lightning cleaner was defective and unreasonably dangerous relative to reasonable consumer expectations in that the danger that the subject Greased Lightning cleaner would cause chemical burn injuries and corrosion to a user's skin with irreversible and permanent debilitating consequences after extremely minimal exposure was both unknowable and unacceptable to ordinary consumers such as Plaintiff.

94. As sold and supplied by Defendant Home Depot, the subject Greased

Lightning cleaner was unreasonably dangerous and defective in that there existed economically and technically feasible safe alternative designs which would have eliminated or substantially reduced the risk of grave bodily injury posed by the product without compromising the product's function or utility.

95.    As sold and supplied by Defendant Home Depot, the subject Greased Lightning cleaner was defective, dangerous, and unsafe, in that a reasonable consumer would conclude that the probability and seriousness of the harm posed by the defective/dangerous nature of the product outweighed the burden of taking adequate precautions.

96.    As sold and supplied by Defendant Home Depot, the subject Greased Lightning cleaner was defective, unsafe, and unreasonably dangerous to consumers and end users because it lacked warnings and/or instructions to adequately inform end users of the nature and extent of the product's hazards and risks of injury associated with the ordinary and customary use of the product which were necessary protect the user from suffering serious and debilitating injuries.

97.    As sold and supplied by Defendant Home Depot, the subject Greased Lightning cleaner was defective, unsafe, and unreasonably dangerous in that it lacked adequate warnings and instructions to inform end users on the necessary measures to avoid serious skin exposure hazards, including, but not limited to, the necessity of strictly avoiding skin contact with the product for any duration of time

under any circumstance.

98.    Defendant Home Depot is liable to Plaintiff under strict Pennsylvania products liability law because the grave, foreseeable risks of bodily injury associated with the subject Greased Lightning cleaner could have been reduced and/or eliminated by the provision of reasonable instructions and/or warnings, the omission of which also rendered the subject Greased Lightning cleaner unreasonably dangerous and defective.

99.    The defective design and unreasonably dangerous condition of the subject Greased Lightning cleaner, as described herein, was a direct and factual cause of Plaintiff's injuries and damages described above.

100.    Alternatively, the defective and/or unreasonably dangerous condition of the subject Greased Lightning cleaner, as supplied by Defendant Home Depot, substantially increased the risk that Plaintiff would suffer the injuries and damages she did in fact suffer.

101.    Additionally, and/or in the alternative, the subject Greased Lightning cleaner was defective in that it failed to perform in a safe and expected manner upon normal, customary, and anticipated use and/or failed to conform with other products of the same model and kind manufactured and/or sold by Defendants, and caused Plaintiff's injuries and damages of April 23, 2024 described in further detail above.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant The Home Depot, Inc. for an amount in damages in excess of the Arbitration Limits of this Court, plus interest and costs, and for all damages available under Pennsylvania law.

## COUNT V – BREACH OF WARRANTIES
## PLAINTIFF v. DEFENDANTS KIK CONSUMER PRODUCTS, INC., HOMECARE LABS, INC., and THE HOME DEPOT, INC.

102. Plaintiff repeats and incorporates by reference all preceding paragraphs with the same force and effect as if set forth at length herein.

103. In manufacturing, producing, distributing, marketing, advertising, selling, and/or otherwise placing the subject Greased Lightning cleaner into the stream of commerce for purchase and use by consumers as a household cleaning product, Defendants Kik, Homecare Labs, and Home Depot made express and implicit warranties that the subject Greased Lightning cleaner was merchantable, fit, and safe for the ordinary and particular purposes for which it was supplied, and that it was free from defects.

104. Prior to and at the time of selling and/or supplying the subject Greased Lightning cleaner, Defendants Kik, Homecare Labs, and Home Depot, individually and collectively, expressly warranted that the subject Greased Lightning cleaner was proper, fit, and safe for its intended use(s) and of merchantable quality.

105. Prior to and at the time of selling and/or supplying the subject Greased

Lightning cleaner, Defendants Kik, Homecare Labs, and Home Depot, both individually and collectively, made implied warranties that the subject Greased Lightning cleaner was reasonably fit for the purposes for which it was sold and of merchantable quality.

106. The representations and warranties made by Defendants, individually and/or collectively, formed the basis of the bargain for the sale of the subject Greased Lightning cleaner, and were relied upon by Plaintiff in purchasing the subject Greased Lightning cleaner.

107. In truth and in fact, the above representations of Defendants Kik, Homecare Labs, and Home Depot were false.

108. Defendants Kik and Homecare Labs breached express and implied warranties in that the subject Greased Lightning cleaner, as sold and supplied to Plaintiff, was not fit and safe for the ordinary and particular purposes for which it was supplied, was not in merchantable condition, and was unreasonably dangerous, defective, and unsafe, and these breaches were a direct, factual, and proximate cause of Plaintiff's injuries and resulting damages described herein.

109. Defendant Home Depot breached express and implied warranties in that the subject Greased Lightning cleaner, as sold and supplied to Plaintiff, was not fit and safe for the ordinary and particular purposes for which it was supplied, was not in merchantable condition, and was unreasonably dangerous, defective,

32

and unsafe, and these breaches were a direct, factual, and proximate cause of Plaintiff's injuries and resulting damages described herein.

110.   In the alternative, the aforementioned breaches of express and implied warranties made by Defendants Kik, Homecare Labs, and Home Depot, both individually and collectively, substantially increased the risk that Plaintiff would be caused to suffer the injuries and damages she did in fact suffer, as set forth in detail above.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, for an amount in damages exceeding the Arbitration Limits of this Court, plus interest and costs, and for all damages available under Pennsylvania law.

### COUNT VI – LOSS OF CONSORTIUM
### PLAINTIFF KEVIN BRADY V. DEFENDANTS KIK CONSUMER PRODUCTS, INC., HOMECARE LABS, INC., and THE HOME DEPOT, INC.

111.   Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein at length.

112.   On April 23, 2024, and at all times material and relevant hereto, Plaintiff Eileen Brady was married to Plaintiff-Husband, Kevin Brady.

113.   As a direct result of the negligence, carelessness, and wrongdoing of all Defendants and the defective, unreasonably dangerous, and unsafe condition of

the subject Greased lightning cleaner that caused Plaintiff's injuries of April 23, 2024, Plaintiff-Husband was caused to suffer the loss of his wife's companionship, love, comfort, affection, services, society, conjugal fellowship, and physical assistance.

114. In the event Plaintiff prevails on any of her causes of action against Defendants, Plaintiff-Husband is entitled to damages for the aforementioned losses resulting from his wife's injuries and damages.

**WHEREFORE**, Plaintiff-Husband Kevin Brady demands judgment against Defendants, jointly and severally, for an amount in damages in excess of the Arbitration Limits of this Court, plus interest and costs, and for all damages available under Pennsylvania law.

## **Jury Demand**

Plaintiffs hereby demand a jury trial on all issues so triable.

WHEREFORE, Plaintiffs pray that upon final judgment, they may have and recover: trial by jury which is hereby demanded: judgment against Defendant Kik Consumer Products, Inc.; judgment against Defendant Homecare Labs, Inc.; judgment against Defendant The Home Depot, Inc.; pre-judgment interest as allowed by law; post-judgment interest as allowed by law; actual damages; costs of

suit; and such other relief at law to which Plaintiffs may be justly entitled law and facts.

Respectfully submitted,

**GALFAND BERGER, LLP**

BY:    */s/ Brooke J. Elmi*
BROOKE J. ELMI, ESQUIRE
PA Attorney ID No. 325999
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
Tel: (215) 665-1600
Fax: (215) 564-2262
belmi@galfandberger.com
***Attorney for Plaintiffs***

DATED: 02/03/2026

35

## VERIFICATION

I, Eileen Brady, hereby affirm that the following facts are correct:

I am the Plaintiff in the foregoing action and the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation of my lawsuit. The language of the Complaint is that of counsel and not mine. I have read the Complaint and to the extent that the Complaint is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

12-17-2025
Date

Eileen Brady
Eileen Brady